UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SARKAR ZAHIR,

        Plaintiff,

  - against -

THE UNITED STATES OF AMERICA,

        Defendant.

----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 3188 (BMC)

**COGAN**, District Judge.

  Plaintiff's counsel, Mr. Stuart Babitch, has violated nearly every discovery deadline established by this Court. These deadlines have been repeatedly extended to accommodate his inability to meet them. He has associated with various attorneys to "cover" for him because, as he explained at the last conference, it is difficult for him to get to court because of the travel distance involved. However, the second to last attorney with whom he associated to remedy this disability, Mr. Pandya, moved to withdraw because Mr. Babitch was not cooperating in communicating with the client and supplying required discovery. Mr. Pandya's affidavit in support of the motion explained that Mr. Pandya wished to withdraw because Mr. Babitch's failure to cooperate in discovery put Mr. Pandya at risk for monetary sanctions. Mr. Babitch put in no opposition or response to Mr. Pandya's motion to withdraw. The Court granted the motion to withdraw and imposed a monetary sanction on Mr. Babitch.

  Mr. Babitch then had another "cover" attorney come to the next conference, who knew nothing about the case. The transcript of that conference recites the chronology of uninterrupted disregard of the Court's scheduling orders. The Court again extended the discovery deadlines

with a clear direction that the failure to meet them would result in preclusion, since monetary sanctions had proven ineffective to cause Mr. Babitch to meet his obligations to this client and the Court. It also directed Mr. Babitch to personally appear at the next conference.

Mr. Babitch finally appeared for the first and only time on July 11, 2012. The Court once again established deadlines and again made it absolutely clear that the failure to meet them would result in preclusion.

The Court now has an application from the Government to preclude Mr. Babitch from calling an expert witness because he failed to deliver the expert report during the greatly extended period that the Court had allowed. Mr. Babitch has filed no opposition to that motion. He has, however, delivered an email to the Government's counsel in opposition to the motion and asked the Government's counsel to submit it to the Court because

> I personally am not familiar with Federal Court procedure nor the system of Electronic Filing which the Court employs and as such I had hired Mr. Pandia [sic] about a year or two ago to completely take over the management of this because he is my federal court practice expert. The fact that assigned trial attorney suddenly backed out on the eve of trial after years of work I submit to the honorable Court should be sufficient grounds to warrant a reasonable amount of time for a postponement of the trial date [and to extend discovery again] ... .

I reject Mr. Babitch's response and consider it unprincipled. Mr. Pandya did not "suddenly back out." He moved to withdraw, and the Court made a finding, with no opposition from Mr. Babitch, that withdrawal was warranted because of the barrier Mr. Babitch posed to Mr. Pandya's effective representation. I even imposed a sanction on Mr. Babitch, which he paid without protest, and I again reset the discovery deadlines to accommodate the withdrawal. Apparently, when Mr. Babitch finally came to Court on July 11, he had done nothing to check his potential expert's availability or his own ability to prepare for trial. Nor did he ascertain the expert's unavailability to provide discovery when he left Court. Only now, when the most

2

recently extended deadline has again passed without any action by him, and the Government has moved for preclusion, has the matter warranted the inadequate response of an email to the Government. I will not hear Mr. Babitch to now blame Mr. Pandya when Mr. Babitch chose not to address the basis for Mr. Pandya's withdrawal, and I chose to accept that withdrawal based, in substantial part, on Mr. Babitch's lack of response.

In addition, I reject Mr. Babitch's attempt to have his adversary file his opposition to its motion because he does not know how to file documents in federal court. He should not accept clients in federal cases if he is not qualified to handle them. The Court has hundreds of attorneys regularly complying with the rules regarding submission of documents and there is nothing special that exempts Mr. Babitch. The Government is directed not to make any further submissions on behalf of Mr. Babitch. Mr. Babitch has to file his own papers, and the Court has ample resources to assist attorneys who make the effort to ask for assistance in filing, which Mr. Babitch never did.

The Government's motion to preclude is granted. It is not an action I take lightly, but the trial has been repeatedly adjourned as a result of Mr. Babitch's misconduct, and I have no confidence that he can ever make this case ready for trial since monetary sanctions were inadequate to achieve that result. Even if Mr. Babitch was capable of preparing this case for trial, if the precluded testimony were allowed, there is no question that the Government would be seriously prejudiced because it would be faced with an expert report it should have seen months ago and would have to exert enormous effort to rebut such an expert. I recognize that to the extent plaintiff's claim has merit, he may be prejudiced by Mr. Babitch's conduct. But

ultimately, a client must be responsible for his choice of attorney when the attorney's repeated conduct constitutes an affront to the authority of the Court.

**SO ORDERED.**

                                                                s/ BMC
                                         _____
                                                U.S.D.J.

Dated: Brooklyn, New York
        August 1, 2012